# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

**THERESA CRISPINO**,

**Case No.:  8:23-cv-996**

    Plaintiff,

**v.**

**SYNCHRONY FINANCIAL D/B/A
SYNCHRONY BANK, and
MONARCH RECOVERY
MANAGEMENT, INC.,**

    Defendants.

## ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES BY DEFENDANT, MONARCH RECOVERY, INC.

Defendant, Monarch Recovery Management, Inc. (hereinafter "Monarch") by and through its undersigned counsel, and hereby submits the following Answer to Plaintiff, Theresa Crispino's (hereinafter "Plaintiff") Complaint with Affirmative Defenses, stating as follows:

## JURISDICTION AND VENUE

1.    Denied.  The allegations in this paragraph call for conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

2.    Admitted in part and denied in part.  Monarch admits that the conduct of Monarch complained of by Plaintiff occurred in this District.  Monarch denies that it transacts business in this District as it only does so through the means of interstate commerce.  Monarch is without sufficient knowledge, information or

belief regarding whether or not Plaintiff resided in this District at all times relevant to the claims in Plaintiff's Complaint and, therefore, Monarch denies this allegation.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

## PARTIES

3.      Admitted in part and denied in part.  Monarch admits, upon information and belief, that Plaintiff is a natural person.  Monarch is without sufficient knowledge, information or belief regarding whether Plaintiff resided in Pasco County, Florida at all times relevant to the claims in her Complaint and, therefore, Monarch denies this allegation.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

4.      Denied.  Monarch is without sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, Monarch denies these allegations.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, no response to the allegations in this paragraph is required of Monarch.

5.      Admitted.  Monarch admits that it is a Pennsylvania corporation with a principal place of business located in Bensalem, Pennsylvania.

## DEMAND FOR JURY TRIAL

6.     Admitted in part and denied in part.  Monarch admits that Plaintiff demands a trial by jury on all counts and issues so triable.  Monarch denies that Plaintiff is entitled to a trial by jury absent a showing of violative conduct on the part of Monarch.

## ALLEGATIONS

7.     Admitted in part and denied in part.  Monarch admits that on August 29, 2022 Monarch began attempting to collect a debt owed by Plaintiff to Synchrony Bank regarding a PayPal MasterCard account.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

8.     Admitted.   Monarch admits, upon information and belief, that Plaintiff owes a debt that was incurred to Synchrony Bank regarding a PayPal MasterCard account.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

9.     Denied.  Monarch is without sufficient knowledge, information or belief regarding whether Plaintiff's Synchrony Bank PayPal MasterCard debt was incurred for personal, family or household purposes and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

10.     Admitted in part and denied in part.   Monarch admits, upon informaiton and belief, that Plaintiff's Synchrony Bank PayPal MasterCard account has an account number ending in 6180.   Monarch is without sufficient knowledge, information or belief regarding the remaining allegations in this paragraph and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.

11.     Denied.   The allegations in this paragraph call for conclusions of law and are denied as such.   Monarch refers all questions of law to the Court.

12.     Denied.   The allegations in this paragraph call for conclusions of law and are denied as such.   Monarch refers all questions of law to the Court.

13.     Denied.   Monarch is without sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, Monarch denies these allegations and leaves Plaintiff to his burden of proof.   To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.

14.     Denied.   Monarch is without sufficient knowledge, information or belief regarding the allegations in this paragraph and, therefore, Monarch denies these allegations and leaves Plaintiff to her burden of proof.   To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.

15.    Denied.  Monarch is without sufficient knowledge, information or belief regarding the truth or veracity of the document attached to Plaintiff's Complaint as Exhibit "A" and, therefore, Monarch denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.

16.    Denied.  Monarch denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.

17.    Denied.  Monarch denies the allegations in this paragraph as it was not aware that Plaintiff was represented by an attorney during the time period when it attempted to collect Plaintiff's Synchrony Bank PayPal MasterCard debt. To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

18.    Denied.  Monarch denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.

19.    Denied.  Monarch denies the allegations in this paragraph as it was not aware that Plaintiff was represented by an attorney during the time period when it attempted to collect Plaintiff's Synchrony Bank PayPal MasterCard debt. To the extent that the allegations in this paragraph are directed to a party other

than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

20.   Denied.  Monarch denies the allegations in this paragraph as it was not aware that Plaintiff was represented by an attorney during the time period when it attempted to collect Plaintiff's Synchrony Bank PayPal MasterCard debt. To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

21.   Denied.  Monarch denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.

22.   Denied.  Monarch denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.

23.   Admitted.  Monarch admits that on August 29, 2022 Monarch began attempting to collect a debt owed by Plaintiff to Synchrony Bank regarding a PayPal MasterCard account.

24.   Admitted in part and denied in part.  Monarch admits that, at times, it engages in the business of attempting to collect debt obligations owed by others to third parties.  Monarch is without sufficient knowledge, information or belief regarding the status of each debt that it attempts to collect as being  "consumer"

debts and, therefore, Monarch denies this allegation.   Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

25.   Admitted in part and denied in part.  Monarch admits that, at times, it engages in the business of attempting to collect debt obligations owed by others to third parties.  Monarch is without sufficient knowledge, information or belief regarding the status of each debt that it attempts to collect as being  "consumer" debts and, therefore, Monarch denies this allegation.   Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

26.   Admitted in part and denied in part.  Monarch admits that, at times, it engages in the business of attempting to collect debt obligations owed by others to third parties.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

27.   Admitted in part and denied in part.  Monarch admits that it is registered with the Florida Office of Financial Regulation.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

28.   Admitted.  Monarch admits that its Consumer Collection Agency license number is CCA0900541.

29.   Admitted.  Monarch admits that it maintains all records specified in Rule 69V-180.080, Florida Administrative Code.

30.   Admitted.  Monarch denies the allegations in this paragraph as the term "current date" is undefined.

31.    Admitted.  Monarch admits that for its license to remain valid it must comply with the Florida Administrative Code.

32.    Denied.  The allegations in this paragraph call for conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

33.    Denied.  The allegations in this paragraph call for conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

34.    Admitted in part and denied in part.  Monarch admits that it sent Plaintiff a letter dated August 29, 2022 in an attempt to collect a debt owed by Plaintiff to Synchrony Bank regarding a PayPal MasterCard account.  Monarch denies that it had any knowledge that Plaintiff was represented by an attorney with respect to her debt during the time period when it attempted to collect Plaintiff's debt.  Monarch is without sufficient knowledge, informaiton or belief regarding whether Plaintiff's debt was a consumer debt and, therefore, Monarch denies this allegation.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

35.    Admitted.   Monarch admits that Plaintiff appended a copy of its August 29, 2022 letter to her Complaint as Exhibit "B."

36.    Denied.  The allegations in this paragraph call for conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.

37.     Denied.  The allegations in this paragraph are directed to a party other than Monarch whereby no response to the allegations in this paragraph is required of Monarch.

38.     Admitted in part and denied in part.  Monarch admits that its August 29, 2022 letter was sent in connection with the collection of Plaintiff's Synchrony Bank PayPal MasterCard account.  Monarch is without sufficient knowledge, information or belief regarding whether Plaintiff's debt was a consumer debt and, therefore, Monarch denies this allegation.   To the extent that the allegations in this paragraph call for conclusions of law, Monarch denies these allegations as it refers all questions of law to the Court.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to his burden of proof.

39.     Denied.  The allegations in this paragraph are directed to a party other than Monarch whereby no response to the allegations in this paragraph is required of Monarch.

40.     Admitted.  Monarch admits that its August 29, 2022 letter was an action by Monarch to attempt to collect Plaintiff's Synchrony Bank PayPal MasterCard account.

41.     Denied.  Monarch denies the incomplete allegations in this paragraph and leaves Plaintiff to her burden of proof.  By way of further response, Monarch is without sufficient knowledge, information or belief regarding whether or not

Plaintiff's Synchrony Bank PayPal MasterCard debt is consumer debt and, therefore, Monarch denies this allegation.

42.    Denied.   Monarch is without sufficient knowledge, informaiton or belief regarding whether Plaintiff received its August 29, 2022 letter regarding her Synchrony Bank PayPal MasterCard account and, therefore, Monarch denies this allegation.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

43.    Denied.   Monarch denies that it had any knowledge at any time that Plaintiff was represented by an attorney.   Monarch denies the remaining conclusory allegations in this paragraph and leaves Plaintiff to her burden of proof. To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies the allegations.

44.    Denied.   Monarch denies that it had any knowledge at any time that Plaintiff was represented by an attorney.   Monarch denies the remaining conclusory allegations in this paragraph and leaves Plaintiff to her burden of proof. To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies the allegations.

45.    Denied.   Monarch is without sufficient knowledge, informaiton or belief regarding whether Plaintiff's Synchrony Bank PayPal MasterCard debt was a consumer debt and, therefore, Monarch denies this allegation. Monarch denies that it had any knowledge that Plaintiff was represented by an attorney during the

time period when it attempted to collect Plaintiff's debt. Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

46.    Admitted in part and denied in part. Monarch admits that its August 29, 2022 letter stated that the creditor was Synchrony Bank and that the amount of the owed debt was $3001.13. Monarch is without sufficient knowledge, informaiton or belief regarding whether Plaintiff's Synchrony Bank PayPal MasterCard debt was a consumer debt and, therefore, Monarch denies this allegation. To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies the allegations. The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any characterization of the content of said letter is specifically denied by Monarch. Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

47.    Denied. Monarch denies that it was aware that Plaintiff disputed her Synchrony Bank PayPal MasterCard debt during the time period when it attempted to collect the debt. Monarch is without sufficient knowledge, informaiton or belief regarding whether Plaintiff's Synchrony Bank PayPal MasterCard debt was a consumer debt and, therefore, Monarch denies this allegation. Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

**Count 1**
**VIOLATION OF FLA. STAT. § 559.72(18)**
**(against Defendant-Creditor)**

48.     Admitted in part and denied in part.  Monarch admits that Plaintiff merely incorporates by reference paragraphs 7 through 47 of her Complaint in this paragraph.  To the extent that a response to the allegations in this paragraph is required of Monarch, Monarch denies the allegations in this paragraph.

49.     Denied.  The allegations in this paragraph call for conclusions of law and are denied as such.  Monarch reserves all questions of law to the Court.

50.     Denied.  The allegations in this paragraph are directed to a party other than Monarch whereby no response to the allegations in this paragraph is required of Monarch.  To the extent that a response to the allegations in this paragraph is required of Monarch, Monarch denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.

51.     Denied.  The allegations in this paragraph are directed to a party other than Monarch whereby no response to the allegations in this paragraph is required of Monarch.  To the extent that a response to the allegations in this paragraph is required of Monarch, Monarch denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.

52.     Denied.  The allegations in this paragraph are directed to a party other than Monarch whereby no response to the allegations in this paragraph is required of Monarch.  To the extent that a response to the allegations in this paragraph is

required of Monarch, Monarch denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.

**Count 2**
**VIOLATION OF FLA. STAT. § 559.72(6)**
**(against Defendant-Creditor)**

53.     Admitted in part and denied in part.  Monarch admits that Plaintiff merely incorporates by reference paragraphs 7 through 52 of her Complaint in this paragraph.  To the extent that a response to the allegations in this paragraph is required of Monarch, Monarch denies the allegations in this paragraph.

54.     Denied.  The allegations in this paragraph call for conclusions of law and are denied as such.  Monarch reserves all questions of law to the Court.

55.     Admitted in part and denied in part.  Monarch admits that it was not notified by Synchrony Bank or any other entity or person during the time period that it attempted to collect Plaintiff's Synchrony Bank PayPal MasterCard debt that Plaintiff disputed the validity of her debt.   Monarch is without sufficient knowledge, informaiton or belief regarding whether Plaintiff's debt was a consumer debt and, therefore, Monarch denies this allegation. To the extent that allegations in this paragraph are directed to a party other than Monarch, no response to those allegations in this paragraph is required of Monarch.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

56.     Denied.  The allegations in this paragraph are directed to a party other than Monarch whereby no response to the allegations in this paragraph is required of Monarch.  To the extent that a response to the allegations in this paragraph is required of Monarch, Monarch denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.

**Count 3**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**
**(against Defendant-DC)**

57.     Admitted in part and denied in part.  Monarch admits that Plaintiff merely incorporates by reference paragraphs 7 through 56 of her Complaint in this paragraph.  To the extent that a response to the allegations in this paragraph is required of Monarch, Monarch denies the allegations in this paragraph.

58.     Denied.  The allegations in this paragraph call for conclusions of law and are denied as such.  Monarch reserves all questions of law to the Court.  To the extent that the allegations in this paragraph suggest that Monarch violated 15 U.S.C. § 1692c(a)(2), Monarch denies these allegations as it was not aware that Plaintiff was represented by an attorney with respect to her Synchrony Bank PayPal MasterCard debt nor was Monarch able to readily ascertain the name or address of Plaintiff's alleged attorney during the time period when it attempted to collect Plaintiff's debt.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

59.     Denied.  Monarch denies the allegations in this paragraph as it was not aware that Plaintiff was represented by an attorney with respect to her Synchrony Bank PayPal MasterCard debt during the time period when it attempted to collect Plaintiff's debt.  Monarch further denies that at any time it was able to readily ascertain the name or address of Plaintiff's alleged attorney.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

60.     Admitted in part and denied in part.  Monarch admits that it communicated with Plaintiff via its August 29, 2022 letter regarding her Synchrony Bank PayPal MasterCard debt.  Monarch denies that it violated 15 U.S.C. § 1692c(a)(2) and denies that it communicated directly with Plaintiff in connection with the collection of her debt.  Monarch denies that it was aware that Plaintiff was represented by an attorney with respect to her debt or that it was able to readily ascertain the name or address of Plaintiff's alleged attorney during the time period when it attempted to collect Plaintiff's debt.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

61.     Admitted in part and denied in part.  Monarch admits that Plaintiff requests that this Honorable Court enter judgment against it awarding Plaintiff statutory and actual damages, costs and attorneys' fees under 15 U.S.C. § 1692k and other relief deemed appropriate by the Court.  Monarch denies that Plaintiff is entitled to a judgment against it, denies that Plaintiff is entitled to an award of

statutory or actual damages, costs or attorneys' fees under 15 U.S.C. § 1692k and denies that Plaintiff is entitled to any other relief from this Honorable Court.

**Count 4**
**VIOLATION OF 15 U.S.C. § 1692e(8)**
**(against Defendant-DC)**

62.    Admitted in part and denied in part.  Monarch admits that Plaintiff merely incorporates by reference paragraphs 7 through 61 of her Complaint in this paragraph.  To the extent that a response to the allegations in this paragraph is required of Monarch, Monarch denies the allegations in this paragraph.

63.    Denied.  The allegations in this paragraph call for conclusions of law and are denied as such.  Monarch reserves all questions of law to the Court.  To the extent that the allegations in this paragraph suggest that Monarch violated 15 U.S.C. § 1692e(8), Monarch denies these allegations as at no time did it communicate to any person any information about Plaintiff or her Synchrony Bank PayPal MasterCard account which it knew or should have known was false. Monarch denies that at it was aware that Plaintiff disputed her debt during the time period when it attempted to collect Plaintiff's debt.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

64.    Denied.  Monarch denies that it was aware that Plaintiff disputed her Synchrony Bank PayPal MasterCard debt during the time period when it attempted to collect Plaintiff's debt and denies that at any time Synchrony Bank informed it that Plaintiff disputed her debt.  The letter referenced in this paragraph is a writing,

the content of which speaks for itself, and any characterization of the content of said letter is specifically denied by Monarch.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

65.    Admitted in part and denied in part.  Monarch admits that its August 22, 2029 letter regarding Plaintiff's Synchrony Bank PayPal MasterCard debt did not disclose that Plaintiff disputed her debt as was Monarch was not aware that Plaintiff disputed her debt during the time period when Monarch attempted to collect her debt.  Monarch is without sufficient knowledge, information or belief regarding whether or not Plaintiff's Synchrony Bank PayPal MasterCard debt was a consumer debt and, therefore, Monarch denies this allegation.  Monarch denies that it violated 15 U.S.C. § 1692c(a)(2) or 15 U.S.C. § 1692e(8) during its attempts to recover Plaintiff's debt.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

66.    Admitted in part and denied in part.  Monarch admits that Plaintiff requests that this Honorable Court enter judgment against it awarding Plaintiff statutory and actual damages, costs and attorneys' fees under 15 U.S.C. § 1692k and other relief deemed appropriate by the Court.  Monarch denies that Plaintiff is entitled to a judgment against it, denies that Plaintiff is entitled to an award of statutory or actual damages, costs or attorneys' fees under 15 U.S.C. § 1692k and denies that Plaintiff is entitled to any other relief from this Honorable Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead claims against Monarch upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Monarch denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Monarch.

### THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Monarch denies, was due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against Monarch.

### FOURTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is adequately able to plead a violation of the FDCPA, Plaintiff's entitlement to statutory damages is capped at $1,000.00 per action, not per violation.

### FIFTH AFFIRMATIVE DEFENSE

Monarch was not aware that Plaintiff was represented by an attorney regarding her Synchrony Bank PayPal MasterCard debt nor was Monarch able to ascertain the name or address of Plaintiff's alleged attorney during the time period when it attempted to collect Plaintiff's debt.  As such, Monarch did not violate 15

U.S.C. § 1692c(a)(2) whereby Count 3 of Plaintiff's Complaint should be dismissed or withdrawn.

## SIXTH AFFIRMATIVE DEFENSE

Monarch did not communicate any information regarding Plaintiff or her Synchrony Bank PayPal MasterCard debt which was known or should have been known to be false as it was not aware that Plaintiff disputed her debt or that Plaintiff was represented by an attorney in regard to her debt during the time period when it attempted to collect Plaintiff's debt.  As such, Monarch did not violate 15 U.S.C. § 1692e(8) whereby Count 4 of Plaintiff's Complaint should be dismissed or withdrawn.

## SEVENTH AFFIRMATIVE DEFENSE

Monarch did not have a duty to investigate the background of Plaintiff's Synchrony Bank PayPal MasterCard debt prior to engaging in its collection activity.  See Owens v. JP Morgan Chase Bank, 2020 U.S. Dist LEXIS 66883, * 24 (W.D. Pa. Apr. 16, 2020) citing Randolph v. IMBS, Inc., 368 F.3d 726, 729 (7th Cir. 2004) ("Courts do not impute to debt collectors other information that may be in creditors' files—for example, that [the] debt has been paid or was bogus to start with.  This is why debt collectors send out notices informing debtors of their entitlement to require verification and to contest claims."); Clark v. Capital Credit & Collection Servs., 460 F.3d 1162, 1174 (9th Cir. 2006) ("the FDCPA does not impose upon [the debt collector] any duty to investigate independently the claims

presented by [the creditor]," and that "a debt collector may reasonably rely upon information provided by a creditor who has provided accurate information in the past."); Slanina v. United Recovery Sys., LP, 2011 U.S. Dist. LEXIS 121356 (E.D.P.A. Oct. 20, 2011) (Court granted the defendant debt collector's motion to dismiss for failure to state a claim upon which relief could be granted as the FDCPA did not require the defendant to validate the debt prior to its initial contact with plaintiff as such verification was only required after the consumer informed the debt collector that the debt was disputed.)

## EIGHTH AFFIRMATIVE DEFENSE

Monarch reserves the right to recover its reasonable attorney's fees and costs from Plaintiff and her counsel pursuant to 15 U.S.C. 1692k(a)(3) as, although Plaintiff's counsel was informed on May 18, 2023 that Monarch did not have any knowledge of the existence of the August 30, 2023 letter that was sent by the "Fair Credit Law Group, LLC" to Synchrony Bank and that Monarch was not aware of Plaintiff's legal representation related to her Synchrony Bank PayPal MasterCard debt during the time period when it attempted to collect her debt, Plaintiff and her counsel have continued to litigate their baseless claims against Monarch.

WHEREFORE, Defendant, Monarch Recovery Management, Inc. respectfully requests that this Answer be deemed good and sufficient, that Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's cost, that, pursuant to

federal law, Plaintiff be ordered to pay costs, including reasonable attorneys' fees, to Monarch and for all other general relief.

    /s/ Amy L. Drushal
Amy L. Drushal, Florida Bar No. 0546895
adrushal@trenam.com / lbehr@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
 FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Boulevard, Suite 2700
Tampa, FL 33602
(813) 223-7474
Attorneys for Defendant, Monarch Recovery
Management, Inc.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 10th day of July, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

    /s/ Amy L. Drushal
           Attorney